UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                          2:02-cr-36-FtM-29DNF

ANAIRA TAYLOR

_____

### OPINION AND ORDER

_____This matter comes before the Court on defendant's Motion to Eliminate Enhancements and Reduce Sentence (Doc. #85) filed on January 11, 2006.  Asserting that her sentence is unlawful in light of United States v. Booker, 125 S. Ct. 738 (2005), defendant asks the Court to eliminate the enhancements which were applied to her and reduce her sentence.

**I.**

Defendant was convicted by a jury on three counts, and sentenced on December 9, 2002, to a total of 136 months imprisonment, 48 months supervised release, and a special assessment.  Defendant's convictions and sentence were affirmed on appeal by the Eleventh Circuit Court of Appeals.  (Doc. #84) on December 2, 2003.  No further appeal or habeas relief was sought.

**II.**

The Court has an obligation to determine if it has authority to consider defendant's request.  The authority of  the Court is an issue of law.  United States v. Diaz-Clark, 292 F.3d 1310, 1315 (11th Cir. 2002), cert. denied, 539 U.S. 951 (2003).  Because

defendant is proceeding pro se, the Court must construe her request for post-conviction relief liberally, United States v. Brown, 117 F.3d 471, 475 (11th Cir. 1997), and consider all possible bases of authority even though none may be identified by defendant.  United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990), cert. denied, 499 U.S. 979 (1991).  The Court has no inherent power to correct an illegal sentence, but rather must look to the specific parameters of federal statutes and the Federal Rules of Criminal Procedure.  Diaz-Clark, 292 F.3d at 1315.  The Court finds no basis for authority to reduce or vacate the sentence in this case.

**A.**

If construed as a petition for relief under § 2255, defendant has not complied with the one-year period of limitations set forth in §2255.  Federal prisoners whose convictions became final after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), have one year from the latest of any of four events to file a § 2255 Motion: (1) the date on which the conviction became final; (2) the date on which any government-imposed impediment to making the motion is removed; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through

the exercise of due diligence.  28 U.S.C. §2255; see also Pruitt v. United States, 274 F.3d 1315, 1317 (11th Cir. 2001).

"[F]or federal criminal defendants who do not file a petition for certiorari with [the Supreme Court] on direct review, §2255's one-year limitation period starts to run when the time for seeking such review expires." Clay v. United States, 537 U.S. 522, 532 (2003). See also Kaufmann v. United States, 282 F.3d 1336, 1337 (11th Cir.), cert. denied, 537 U.S. 875 (2002).  Since defendant did not file a petition for certiorari, her conviction became "final" on March 1, 2004, 90 days after the Eleventh Circuit's December 2, 2003, decision affirming her convictions and sentence. Kaufmann v. United States, 282 F.3d 1336, 1337 (11th Cir. 2002). Thus, defendant had until March 1, 2005 to file her § 2255 motion. Giving defendant the benefit of the "mailbox rule", Houston v. Lack, 487 U.S. 266 (1988), Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001), the Court will deem the motion filed on January 4, 2006, the date defendant signed it.  Even so construed, the motion was not timely filed within one year of the date that defendant's conviction became final.

The second event which may start the statute of limitations is "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed." 28 U.S.C. § 2255. Defendant identifies no government-imposed impediment to filing her §2255 motion, much less makes a showing that the governmental action was

-3-

unconstitutional.  See Akins v. United States, 204 F.3d 1086, 1090-91 (11th Cir.), cert. denied, 531 U.S. 971 (2000).

As to the third event, the Eleventh Circuit summarized the required showing in Garcia v. United States, 278 F.3d 1210, 1212-13 (11th Cir.), cert. denied, 537 U.S. 895 (2002).  The Supreme Court has not recognized any new right which has been held to apply retroactively to a defendant whose conviction became final prior to the decision.  The fourth event has not been shown to apply to this case.  Finally, defendant has not established any basis to find that the limitations period was equitably tolled.  Equitable tolling is appropriate when a motion is untimely filed because of extraordinary circumstances that are both beyond defendant's control and unavoidable even with diligence.  Jones v. United States, 304 F.3d 1035, 1039 (11th Cir. 2002), cert. denied 538 U.S. 947 (2003).  Defendant has not satisfied her burden in this case.

Because defendant did not file her motion within one year of any of the four events set forth in §2255, and has not shown any equitable reason to toll the limitations period, her motion is untimely and is therefore time-barred.

**B.**

A defendant may obtain relief from an improper sentence by filing a timely appeal.  See 18 U.S.C. § 3742.  Defendant filed a

direct appeal in this case, and no further avenue of direct appeal is now available.

### C.

Under limited circumstances, a federal prisoner may file a habeas petition pursuant to 28 U.S.C. § 2241 pursuant to the "savings clause" of § 2255.  The savings clause applies only when (1) petitioner's claim is based on a retroactively applicable Supreme Court decision; (2) the holding of that decision established that petitioner was convicted of a nonexistent offense; and (3) circuit court law squarely foreclosed such a claim at the time it otherwise should have been raised at petitioner's trial, appeal, or first § 2255 motion.  Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999).  In this case, petitioner fails to satisfy at least the first and second requirements.

### D.

Title 18 U.S.C. § 3582(b) refers to the possibility of modifying a sentence.  However, this provision only defines a final sentence, and does not provide a mechanism for modifying a sentence.  United States v. Stossel, 348 F.3d 1320, 1322 (11th Cir. 2003), cert. denied, 541 U.S. 966 (2004).

### E.

Title 18 U.S.C. § 3582(c) allows the Court to modify a sentence under certain circumstances, but none of those circumstances apply in this case.  Section 3582(c)(1)(A) does not

apply because the request is not made by the Director of the Bureau of Prisons.  Section 3582(c)(1)(B) does not apply because there are no other statutes which expressly permit such a modification, as discussed further below, and the government has not filed a Rule 35(b) motion.  Section 3582(c)(2) does not apply because the sentencing range has not been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o).

### F.

Federal Rule of Criminal Procedure 35(a) does not provide authority because it gives a district court authority to correct a sentence only within seven days after sentencing and then only for errors resulting from arithmetical, technical, or other clear error.  The seven day period is a jurisdictional restriction. Diaz-Clark, 292 F.3d at 1317.

### G.

Federal Rule of Criminal Procedure 36 allows the court to correct clerical errors or errors in the record arising from oversight or omission.  None of these situations apply in this case, and therefore the Court has no authority under Rule 36. United States v. Portillo, 363 F.3d 1161 (11th Cir.), cert. denied, 125 S. Ct. 448 (2004).

### H.

Federal Rule of Civil Procedure 60(b) does not provide relief from a judgment entered in a criminal case, and therefore cannot

provide authority to change a criminal sentence.  United States v. Fair, 326 F.3d 1317 (11th Cir. 2003); United States v. Mosavi, 138 F.3d 1365 (11th Cir. 1998).

## I.

A *writ of error coram nobis* is not available to defendant. Federal courts have authority to issue a *writ of coram nobis* under the All Writs Act, 28 U.S.C. § 1651.  United States v. Mills, 221 F.3d 1201, 1203 (11th Cir. 2000), cert. denied, 531 U.S. 1144 (2001).  This authority, however, is extremely limited.  It is well established that a *writ of coram nobis* "is an extraordinary measure of last resort available only in compelling circumstances where necessary to achieve justice."  United States v. Mills, 221 F.3d at 1203; United States v. Mosavi, 138 F.3d at 1366 n. 1; United States v. Swindall, 107 F.3d 831, 834 (11th Cir. 1997); Lowery v. United States, 956 F.2d 227, 228 (11th Cir. 1992).  The standard for *coram nobis* relief is high, with the court's jurisdiction being limited to review of errors of fact of the most fundamental character and when no statutory remedy is available or adequate.  United States v. Addonizio, 442 U.S. 178, 186 (1979); United States v. Mills, 221 F.3d at 1203-04; Lowery, 956 F.2d at 228-29.  To be entitled to a *writ of coram nobis*, petitioner must show:  (1) he was not in custody at the time he filed the petition, United States v. Garcia, 181 F.3d 1274, 1274-75 (11th Cir. 1999); United States v. Brown, 117 F.3d at 475; (2) there is and was no other available and

adequate avenue of relief, <u>Alikhani v. United States</u>, 200 F.3d 732, 734 (11th Cir.), <u>cert. denied</u>, 531 U.S. 929 (2000); <u>United States v. Mills</u>, 221 F.3d at 1204; and, (3) the error alleged "involves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid." <u>Alikhani v. United States</u>, 200 F.3d at 734 (citing <u>Moody v. United States</u>, 874 F.2d 1575, 1576-77 (11th Cir. 1989), <u>cert. denied</u>, 493 U.S. 1081 (1990)).  "A writ of error coram nobis is a remedy available to vacate a conviction when the petitioner has served his sentence and is no longer in custody, as is required for post-conviction relief under 28 U.S.C. § 2255." <u>United States v. Peter</u>, 310 F.3d 709, 712 (11th Cir. 2002). Defendant satisfies none of the requirements in this case.

**J.**

A writ of prohibition is also unavailable to defendant. "Writs of prohibition are not issued unless the petitioner shows exceptional circumstances amounting to a judicial usurpation of power."  <u>In re Wainwright</u>, 678 F.2d 951, 953 (11th Cir. 1982)(citations and internal quotations omitted).  Defendant's only argument for the reduction in sentence is based upon <u>Booker</u>.  The Court finds that <u>Booker</u> does not qualify as an exceptional circumstance of judicial usurpation of power warranting relief.

Therefore, authority cannot be created by treating defendant's request as a writ of prohibition.

## K.

A *writ of mandamus* is an extraordinary remedy which is available only when there is no other adequate means available to remedy a clear usurpation of power or abuse of discretion. Jackson v. Motel 6 Multipurpose, Inc., 130 F.3d 999, 1004 (11th Cir. 1997). Mandamus may not be used as a substitute for appeal. Id. A defendant must show both that he lacks adequate alternative means to obtain the relief sought and carry the burden of showing that his right to issuance of a writ is clear and indisputable. Mallard v. United States S.D. Iowa, 490 U.S. 296, 309 (1989); In re Am. Airlines, Inc., 972 F.2d 605, 608 (11th Cir. 1992), cert. denied, 507 U.S. 912 (1993). In this case defendant cannot show either requirement. See also In re Spotts, 124 Fed. Appx. 800, 2005 WL 715396 (4th Cir. Mar. 30, 2005)[1](mandamus not available to compel application of Booker).

## L.

A *writ of audita querela* is not available to raise a Booker claim because relief would have been cognizable under a properly filed § 2255 petition. United States v. Holt, 417 F.3d 1172, 1175

---

[1]Unpublished decision attached.

(11th Cir. 2005); <u>United States v. Jackson</u>, NO. 05-12710, 2005 WL 3304008 (11th Cir. Dec. 7, 2005)[2].

In conclusion, the Court finds no basis for authority over the request to reduce defendant's sentence.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Eliminate Enhancements and Reduce Sentence (Doc. #85) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this ___18th___ day of January, 2006.

_John E. Steele_
**JOHN E. STEELE**
**United States District Judge**

Copies:
AUSA
Anaira Taylor

---

[2]Unpublished decision attached.