UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANAIRA TAYLOR,

          Petitioner,

vs.                            Case No. 2:06-cv-153-FtM-29DNF
                                      Case No. 2:02-cr-36-FTM-29DNF

UNITED STATES OF AMERICA,

          Respondent.
_____

**OPINION AND ORDER**

     This matter comes before the Court on petitioner's Motion for Leave to Petition for Reduction of Sentence Pursuant to Rule 9(a) of 2255 Rules and Excusable Negligent (Doc. #1), filed on March 27, 2006. Defendant was convicted by a jury on three counts, and sentenced on December 9, 2002, to a total of 136 months imprisonment, 48 months supervised release, and a special assessment. Defendant's convictions and sentence were affirmed on appeal by the Eleventh Circuit Court of Appeals by a mandate issued on December 2, 2003. (See Doc. #84). Defendant filed a Motion to Eliminate Enhancements and Reduce Sentence (Doc. #85) on January 11, 2006, which was denied by Opinion and Order (Doc. #86) on January 18, 2006. No other post-conviction relief was sought.

    Under Rule 9 of the Rules Governing Section 2255 Proceedings for the United States District Courts, "[b]efore presenting a second or successive motion, the moving party must obtain an order

from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8." The record does not reflect a prior habeas pursuant to § 2255, however, to the extent that petitioner seeks permission to file a successive motion because she believes it is necessary, such relief must be sought from the Eleventh Circuit Court of Appeals.

To the extent that petitioner wishes to have the Court construe her "Motion for Leave to Petition for Reduction of Sentence Pursuant to Rule 9(a) of 2255 Rules and Excusable Negligent" as a § 2255 habeas petition, the Court has previously stated that such a motion would be untimely. See January 18, 2006, Opinion and Order (Doc. #86). Nonetheless, the Court will consider the current motion as a motion pursuant to § 2255 as this is clearly petitioner's desire.

As a preliminary matter, petitioner argues that excusable neglect based on medical conditions existed which prevented the timely filing for relief under 28 U.S.C. § 2255. Although petitioner does not provide dates or medical records to support the argument that she was prevented or hindered from seeking relief, the Court will assume for purposes of review that her condition created an impediment. That being said, even if the time were tolled, the Court finds that petitioner would not be entitled to relief as there is no merit to the underlying argument.

Petitioner again argues that her sentence is unlawful in light of United States v. Booker, 125 S. Ct. 738 (2005), and that it

applies retroactively to her based on <u>Dodd v. United States</u>, 125 S. Ct. 2478 (2005).  Petitioner's reliance on <u>Dodd</u> is misplaced.  The Eleventh Circuit has held "that <u>Booker</u>'s constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review."  <u>Varela v. United States</u>, 400 F.3d 864, 867-68 (11th Cir.), <u>cert. denied</u>, 126 S. Ct. 312 (2005)(citing <u>Schriro v. Summerlin</u>, 124 S. Ct. 2519, 2526-27 (2004)).  <u>See</u> <u>also</u> <u>United States v. Moreno</u>, 421 F.3d 1217, 1220 (11th Cir. 2005); <u>United States v. Rodriquez</u>, 406 F.3d 1261, 1280 (11th Cir. 2005)("[n]o circuit, . . . has yet to suggest that <u>Booker</u> is retroactively applicable to collateral proceedings, . . . [and], it is highly unlikely that any will.").

The Court previously considered and rejected other possible bases for jurisdiction in its January 18, 2006, Opinion and Order.  The Court finds no additional basis for jurisdiction has been demonstrated.  Therefore, the Motion – even if construed as a petition under § 2255 – is due to be dismissed.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Petitioner's Motion for Leave to Petition for Reduction of Sentence Pursuant to Rule 9(a) of 2255 Rules and Excusable Negligent (Doc. #1) is **DISMISSED.**

2. The Clerk shall enter judgment in the civil case and close the civil case.

3.  The Clerk is further directed to file a certified copy of the civil judgment in the criminal case, Case No. 2:02-cr-36-FTM-29DNF.

**DONE AND ORDERED** at Fort Myers, Florida, this __17th__ day of April, 2006.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
Parties of Record